# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1266 | **DATE** | 2/21/2003 |
| **CASE TITLE** | IFC Credit Corp. vs. Amon Mahon, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. IFC's counsel are ordered to file an appropriate amendment to Complaint ¶¶2,3 and 4 (not a self-contained Amended Complaint with attached exhibits) in this Court's chambers on or before March 5, 2003. Absent such a timely filing, or if IFC's filing fails to disclose the requisite diversity of citizenship, this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | FEB 24 2003 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 7 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 2/21/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IFC CREDIT CORPORATION,        )
                               )
            Plaintiff,         )
                               )
      v.                       )    No. 03 C 1266
                               )
AMON L. MAHON, et al.,         )
                               )
            Defendants.        )

MEMORANDUM ORDER

IFC Credit Corporation ("IFC") has brought this breach-of-guaranties action against two individual defendants and Black AG, L.L.C. ("Black") under the claimed auspices of diversity jurisdiction. Because the Complaint contains obvious jurisdictional flaws in that respect, this memorandum order is being issued sua sponte.

To begin with, both individual defendants have been identified as to their states of <u>residence</u> rather than of <u>citizenship</u> (Complaint ¶¶2 and 3), even though the latter is by definition the relevant consideration for diversity purposes. On that score <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998), quoting <u>Guaranty Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996) teaches:

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

As for Black, Complaint ¶4 identifies only some facts that are wholly irrelevant for diversity purposes:

> BLACK AG is a Kentucky limited liability company that maintains its principal place of business at 3677 Robert C. Byrd Drive, Beckley, West Virginia 25801.

IFC's counsel ought to know better, for it has been clear at least ever since Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) that the relevant citizenship of a limited liability company, like that of any other unincorporated entity or association, is that of all of its members--teaching that has been repeated by our Court of Appeals (and of course reiterated by this Court) a number of times since then.

Despite Held, no dismissal will be ordered now. Instead IFC's counsel are ordered to file an appropriate amendment to Complaint ¶¶2, 3 and 4 (not a self-contained Amended Complaint with attached exhibits) in this Court's chambers on or before March 5, 2003. Absent such a timely filing, or if IFC's filing fails to disclose the requisite diversity of citizenship, this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.[1]

                            */s/ Milton I. Shadur*
                            Milton I. Shadur
                            Senior United States District Judge

Date: February 21, 2003

---

[1] Because this memorandum order is limited to jurisdictional considerations, which must be addressed at the outset, no ruling is included here as to what seems to be a problematic effort at recovery that may include unenforceable penalty components (see Complaint ¶¶8, 11, 12, 15, 18 and 19).